## CRIMINAL COURT OF BALTIMORE CITY.

Filed January 13, 1911.

STATE
VS.
MARTIN E. HEALY.

*Charles Morris Howard* and *Emory L. Stinchcomb* for the State.

*William F. Campbell* for traverser.

DUFFY, J.—

It appears from the averments of the indictment, which, by the demurrer, are admitted to be true, that the traverser was duly appointed sub-treasurer of the Democratic State Central Committee for the election held November 8, 1910. That on November 18th, he filed his report, under oath, with the treasurer, but did not state therein the names of the persons to whom the money disbursed by him was paid.

Counsel for the traverser has pressed with much vigor and acumen the contention that by a proper construction of the law, the sub-treasurer is not bound in his report to name the persons to whom the money disbursed by him is paid, but that it is a sufficient compliance with the statute for him to designate such persons by designating their class, or the occupation or official connection with the election, as, for instance, so many dollars paid to each of so many watchers, challengers, runners, etc.

The statute under which the indictment is drawn is Chapter 122 of the Acts of Assembly of 1908, known as the Corrupt Practices Act. A careful reading of it will disclose that its object is correctly stated in its preamble to be the prohibition of corrupt practices at elections, and provision for judicial inquiries and proceedings concerning expenses and conduct of such elections. It great object is not only to prevent fraud at elections but to discover it when it is perpetrated and to punish it.

Section 162 provides for the appointment of a treasurer by the committee or the candidate and a "political agent" by the candidate and defines these terms. It also provides that the candidate may designate himself his own agent.

Section 163 recognizes the right of a committee or its members to collect funds, but provides that such funds when disbursed must be made to pass through the hands of the treasurer and shall not be disbursed otherwise.

Section 164 provides that a candidate for nomination or nominee may contribute to a treasurer or political agent subject to the provisions of the act, and for the purposes permitted by the act and for no other purposes.

Section 165 authorizes the candidates to expend money for postage and other incidentals, and limits the amount of his contribution for political purposes. Except as to such incidentals all money contributed by the candidate, as well as all other money collected and used to pay any expenses of an election or primary, shall be paid out only by treasurer or political agent.

Section 166 authorizes the treasurer or political agent to make expenditures for purposes classed under nine different headings, and then forbids the treasurer or agent to make payments for any other purposes. The payment authorized must be at a rate which is reasonable and commensurate with the service rendered.

Section 167 provides that the treasurer and political agent within 20 days after election or primary, shall file an account stating the amounts received and the names of the persons from whom received and the amounts expended and the names of the persons to whom paid, and shall clearly state the purposes for which such payments are made. They shall also keep accurate accounts thereof in proper books.

There are other provisions of the above mentioned sections, and of the other sections of the act, which it is not necessary to mention for the purpose of this case.

Returning now to Section 163, the proviso recites that the treasurer may appoint a sub-treasurer for each precinct; which sub-treasurer is authorized to expend the money placed in his hands by the treasurer appointing him for such purposes as are lawful under the act, that is the purposes mentioned in Section 166, applicable to the treasurer and political agent.

Then follows the provision controverted in the argument on this de-

murrer; it shall be the duty of the sub-treasurer within ten days after the election or primary to report in writing to the treasurer, "stating in detail the amount of money placed in his hands by said treasurer, and for what purposes the said money was expended by him and to whom paid."

It is contended that the scope of the phrase "to whom paid" is fulfilled by designating the person by his occupation at the election without giving his name or designating specifically who the person is so that he can be located and pointed out.

This is refining away the meaning of common words in a manner not admissible and not reasonable, and to what end? Only to narrow the scope of a statute which was intended to be comprehensive enough to cover a full accounting and tracing of funds collected for political purposes from the contributor to the person receiving the same as consideration for value given. A court never construes a statute so as to defeat its apparent object unless such construction is imperatively demanded by the language used.

If the sub-treasurer is able to conceal the identity of the person to whom he pays money, it is most remarkable, in view of the fact that the treasurer and the political agent, the only other two classes permitted by the act to disburse money, are required to give the names of persons to whom money is paid by them. Another answer to the contention of the traverser as to the construction of the phrase in question is, that if his contention is correct, it will hinder and delay the right of contest given to the defeated candidate or ten voters by Section 173. That section provides that the defeated candidate or any ten qualified voters at such election may file the petition therein provided in the Superior Court, setting forth under oath that corrupt practices contrary to the provisions of any section of this article were committed, naming the successful candidate as defendant, and praying that the facts alleged may be inquired into.

The trial judge shall have no power to declare such elections void, but shall file his findings with the Secretary of the State, who shall submit the same to the Governor, or shall file findings with certain other persons."

In case the decision or finding so to be filed with the governor shall be that any successful candidate so petitioned against was in person or in the person of a treasurer or sub-treasurer or his political agent or through any political committee acting for or in his behalf so guilty of corrupt practices such election shall be void, except as hereinafter provided."

On careful reading of this section it will be seen that provision is made for conducting with dispatch any contest of an election based on causes provided for by this statute.

If then the sub-treasurer by the terms of this statute is allowed to withhold the names of persons to whom he had paid money and thus conceal from the petitioner the identity of such persons, and thus prevent him from summoning those persons, the petitioner would be without information which he should have to enable him to make proper averments in his petition under oath, or to prove such averments.

There are but three officials who have authority by this act to disburse money; the treasurer, the sub-treasurer and the political agent, the extent of their authority in this respect is the same.

The treasurer and political agent have authority to receive money or property or a promise thereof, and to make such expenditures of money or property or to make promises therefor and to incur liabilities to persons (sec Section 167).

Whereas the sub-treasurer has authority only to receive money from the treasurer appointing him, and to expend it. (See Section 163.) But the purposes for which each can pay the money, give property, make promises, incur liabilities, are the same.

I therefore conclude that the legislative intent as expressed by the language used, is that the reports which each is required to file shall be the same in character and extent, and that the provision of Section 167 requiring the names of the persons to be given to whom the treasurer and political agent have paid money clearly indicates the interpretation to be placed upon the words "to whom paid" in Section 163.

The demurrer to the indictment will be overruled.